# IN THE COURT OF APPEALS OF IOWA

No. 15-0467
Filed March 9, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES LEROY HULS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Sioux County, Jeffrey A. Neary, Judge.

A defendant appeals the court's summary denial of his motion to correct illegal sentence. **AFFIRMED.**

Michael J. Jacobsma of Jacobsma & Clabaugh, P.L.C., Sioux Center, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

James Huls was convicted after a bench trial of lascivious acts with a minor, a serious misdemeanor. Huls was sentenced to a suspended 365 days in jail, and the court imposed the special sentence of ten years of supervision under Iowa Code section 903B.2 (2005). Huls appealed his conviction, which was affirmed by our court, though we remanded the case to correct the amount of the civil penalty. *State v. Huls*, 08-0110, 2009 WL 398456, at *1–2 (Iowa Ct. App. Feb. 19, 2009). Huls's probation was revoked in 2012, and the original jail sentence was imposed. On July 25, 2013, Huls began his special ten-year sentence under section 903B.2. In October 2014, Huls's parole was revoked, and he was sent to prison. Huls then filed a motion to correct illegal sentence claiming, among other things,[1] that the imposition of the special sentence under section 903B.2 amounts to cruel and unusual punishment, in violation of the United States and Iowa Constitutions.[2] The State filed a resistance, and the district court summarily denied the motion without a hearing. Huls claims on

---

[1] In his motion Huls also asserted that his sentence violated of the Double Jeopardy and the Ex Post Facto Clauses. These claims were not raised on appeal, and we will not address them further.

[2] The motion Huls filed was a form motion challenging the imposition of the special sentence under section 903B.2 where blanks were left for Huls to write his name, the crime he was convicted of, and the date he was sentenced. The form stated, "The defendant alleges that, as applied to the charge of _____ under Iowa Law, this added sentence constitutes Cruel and Unusual Punishment . . . ." In the blank, Huls wrote in the Iowa Code section he was found to have violated: "709.14." It is unclear whether Huls's motion was making a gross-proportionality challenge to his particular sentence or a categorical challenge to the imposition of the special sentence in section 903B.2 to the crime of lascivious conduct with a minor. *See State v. Oliver*, 812 N.W.2d 636, 639–40 (Iowa 2012) (describing the categorical and gross-proportionality challenges to sentences as allegedly violating the Cruel and Unusual Punishment Clause). However, in his appellate brief, he asks that this case be remanded so that he can make an as-applied claim that his sentence constitutes cruel and unusual punishment. This is a gross-proportionality challenge, and we will address the issue as such in this appeal. *See id.* (noting the former as-applied challenge has been renamed the gross-proportionality challenge).

appeal he should have been given a hearing at which he could have presented the challenge to his sentence. We review constitutional claims de novo. *Oliver*, 812 N.W.2d at 639.

In *State v. Bruegger*, 773 N.W.2d 862, 884 (Iowa 2009), our supreme court concluded "at least in some instances, defendants who commit acts of lesser culpability within the scope of broad criminal statutes carrying stiff penalties should be able to launch an as-applied cruel and unusual punishment challenge." However, the court made clear that an individual assessment should be permitted only in a "relatively rare case" that involves "an unusual combination of features that converge to generate a high risk of potential gross disproportionality." *Bruegger*, 773 N.W.2d at 884. The defendant in *Bruegger* was permitted to make such a challenge because his case involved the convergence of three factors that presented a substantial risk the sentence could be grossly disproportionate.[3] *Id*. "If the sentence does not create an inference of gross disproportionality, then 'no further analysis is necessary.'" *Oliver*, 812 N.W.2d at 650 (citation omitted).

In Huls's motion, there is no assertion that his case involved any factors that created an inference of gross disproportionality between the underlying crime and his sentence. The motion itself was a fill-in-the-blank form with the offender adding in only information regarding his conviction. Huls failed to demonstrate that his case is one of the relatively rare cases that involves "an

---

[3] While not applicable to Huls, the three factors in *Bruegger* were "a broadly framed crime, the permissible use of preteen juvenile adjudications as prior convictions to enhance the crime, and a dramatic sentence enhancement for repeat offenders." 773 N.W.2d at 884.

unusual combination of features that converge to generate a high risk of potential gross disproportionality." *Bruegger*, 773 N.W.2d at 884. Without more, we cannot say the court should have permitted Huls an evidentiary hearing. We therefore affirm the district court's denial of his motion to correct illegal sentence.

**AFFIRMED.**